Ryan M. Best, WSBA 33672
Michael R. Merkelbach, WSBA 55389
BEST LAW, PLLC
905 West Riverside, Suite 409
Spokane, WA 99201
Telephone: (509) 624-4422
Fax: (509) 703-7957
Email:  ryan.best@bestlawspokane.com
        mike.m@bestlawspokane.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARINA PIRKEY, an individual, | NO. |
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES |
| SCHWEITZER ENGINEERING LABORATORIES, INC, a Washington corporation, SCHWEITZER ENGINEERING LABORATORIES, INC. EMPLOYEE STOCK OWNERSHIP PLAN, JOSEPH NESTEGARD, Individually and as Plan Administrator, JANE DOE NESTEGARD, MICHELE BEEHLER, Individually and as Plan Administrator, JOHN DOE BEEHLER, STACEY DOTY, Individually and as Plan Administrator, JOHN DOE DOTY, CONNEE ROVEGNO, Individually and as Plan Administrator, JOHN DOE ROVEGNO, JOHN/JANE DOES 1-99, | JURY DEMANDED |
| Defendants. | |

COMPLAINT FOR DAMAGES: 1

## I.    DEFENDANTS VIOLATED FIDUCIARY DUTIES OWED TO MS. PIRKEY UNDER ERISA

Ms. Pirkey provided Defendants with a Qualified Domestic Relations Order ("QDRO") that entitled her to 62.9716 shares of the 125.9431 total shares of SEL stock that Ms. Pirkey's ex-spouse acquired between June 12, 2005 and April 7, 2008. In a letter to Ms. Pirkey, Defendants acknowledged the "qualified" nature of, and the legitimacy of, the QDRO they received. Further, Defendants' letter acknowledges Ms. Pirkey's entitlement to the 62.9716 shares of SEL. Ignoring their own distribution procedure set out in the November 2018 letter, and violating their acknowledgement of Ms. Pirkey's entitlement to 62.9716 shares of SEL stock, Defendants distributed Ms. Pirkey's benefits to her ex-spouse, without further notice or explanation to Ms. Pirkey. These actions by Defendants violate the ERISA fiduciary duties owed to Ms. Pirkey under *Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143 (9th Cir. 2000).

As a result of Defendants' actions denying Ms. Pirkey of her benefits, Ms. Pirkey has incurred damages, including attorney fees, costs, and interest. Additionally, Ms. Pirkey has been unable to capitalize on financial investment opportunities with the monies Defendants improperly distributed in violation of their November 2018 acknowledgment of the QDRO and their ERISA fiduciary duties to Ms. Pirkey.

COMPLAINT FOR DAMAGES: 2

## II.    PARTIES

2.1    Sarina Pirkey is a Washington resident and an Alternative Payee to the Schweitzer Engineering Laboratories, Inc. Employee Stock Ownership Program.

2.2    Schweitzer Engineering Laboratories, Inc. was the employer of Mr. Stolp from June 2005 through April 2008 and is a Washington Corporation with its principal place of business at 2350 NE Hopkins Court, Pullman, WA 99163.

2.3    Schweitzer Engineering Laboratories, Inc. Employee Stock Ownership Program owns the majority owner of Schweitzer Engineering Laboratories, Inc.

2.4    Joseph Nestegard is an ESOP Plan Administrator and ESOP fiduciary under ERISA.

2.5    Jane Doe Nestegard is the spouse of Joseph Nestegard and has an interest in Joseph Nestegard's community property.

2.6    Michele Beehler is an ESOP Plan Administrator and ESOP fiduciary under ERISA.

2.7    John Doe Beehler is the spouse of Michele Beehler and has an interest in Michele Beehler's community property.

2.8    Stacey Doty is an ESOP Plan Administrator and ESOP fiduciary under ERISA.

COMPLAINT FOR DAMAGES: 3

2.9    John Doe Doty is the spouse of Stacey Doty and has an interest in Stacey Doty's community property.

2.10    Connee Rovegno is an ESOP Plan Administrator and ESOP fiduciary.

2.11    John Doe Rovegno is the spouse of Connee Rovegno and has an interest in Connee Rovegno's community property.

2.12    John/Jane Does 1-99 are any and every appointed fiduciary(ies) under ERISA in charge of maintaining ESOP distributions.

## III.    JURISDICTION AND VENUE

3.1    This Court has subject matter jurisdiction over this action under 29 U.S.C. § 1132(e)(1).

3.2    This Court has subject matter jurisdiction without respect of the amount in controversy or the citizenship of the parties under 29 U.S.C. § 1132(f).

3.3    Pursuant to 28 U.S.C. § 1331, jurisdiction is proper, as questions arising under federal law are presented.

3.4    Pursuant to 28 U.S.C. § 1367, supplemental/pendant jurisdiction over pendant state law claims is proper, as these claims arise from a common nucleus of operative facts as the federal claims over which this Court has original jurisdiction under 28 USC §1331.

COMPLAINT FOR DAMAGES: 4

3.5     Venue in the Eastern District of Washington Spokane Courthouse is proper under 29 U.S.C. § 1132(e)(2) since: (1) the plan was administered in the Eastern district of Washington; (2) Defendants' breach took place in Whitman county in the Eastern District of Washington; and (3) the Defendants reside and can be found in the Eastern District of Washington.

## IV.    <u>FACTS</u>

4.1     Ms. Pirkey was married to Mr. Stolp.

4.2     The Decree of Dissolution dissolving the marriage between Ms. Pirkey and Mr. Stolp was filed on March 4, 2009.

4.3     Michael Stolp, Ms. Pirkey's ex-spouse, was an employed by SEL.

4.4     The Schweitzer Engineering Laboratories, Inc. Employee Stock Ownership Program ("ESOP") is a defined contribution plan subject to ERISA.

4.5     Throughout the duration of Mr. Stolp's marriage to Ms. Pirkey, Mr. Stolp was eligible to receive a benefit from the ESOP.

4.6     While employed at SEL, Mr. Stolp designated Ms. Pirkey to be entitled to benefits under the ESOP and/or the SEL 401(k) Plan.

4.7     On or before November 21, 2018 Ms. Pirkey became eligible to receive benefits from the ESOP and/or the SEL 401(k) Plan.

COMPLAINT FOR DAMAGES: 5

4.8    Defendant Jason Nestegard was one of the ESOP Plan Administrators on December 31, 2018.

4.9    Defendant Michele Beehler was one of the ESOP Plan Administrators on December 31, 2018.

4.10    Defendant Stacey Doty was one of the ESOP Plan Administrators on December 31, 2018.

4.11    Defendant Connee Rovegno was one the ESOP Plan Administrators on December 31, 2018.

4.12    The ESOP Plan Administrators had a fiduciary duty under ERISA to act in the best interest of ESOP beneficiaries.

4.13    At least one of the Defendants is a named fiduciary under ERISA for the ESOP.

4.14    At least one of the Defendants is a named fiduciary under ERISA for the SEL  401(k) Plan.

4.15    Defendants distributed Ms. Pirkey's benefits to Mr. Stolp, or someone other than Ms. Pirkey.

4.16    On July 10, 2018, Ms. Pirkey submitted a proposed Qualified Domestic Relations Order ("QDRO") to the ESOP QDRO review team.

COMPLAINT FOR DAMAGES: 6

4.17  On November 21, 2018, the ESOP Plan Administrator notified both Ms. Pirkey and Mr. Stolp that the ESOP Plan Administrator determined the QDRO Ms. Pirkey submitted to the ESOP QDRO review team was a QDRO "as defined by Section 206(d)(3)(B) of the Employee Retirement Income Security Act."

4.18  The ESOP Plan Administrator's November 21, 2018 letter ("QDRO Acknowledgement Letter") explained how the "Plan Administrator will implement the QDRO[.]" (The QDRO Acknowledgment Letter is attached to this Complaint as **EXHIBIT 1**).

4.19  The QDRO Acknowledgment Letter notified Ms. Pirkey that 62.9716 shares of SEL stock "will be deposited in a new ESOP account in the name of Sarina Stolp as soon as practical in 2018."

4.20  On April 9, 2019, Schweitzer Engineering Laboratories, Inc. notified Ms. Pirkey that "Mr. Stolp never participated in the 401(k) Plan during his employment."

4.21  Schweitzer Engineering Laboratories, Inc.'s April 9, 2019 letter also states that the November 21, 2018 letter informed Ms. Pirkey and Mr. Stolp "of the disposition of [Mr. Stolp's ESOP] account."

4.22  On September 27, 2019, Schweitzer Engineering, Inc. informed Ms. Pirkey that the ESOP Plan Administrator paid Mr. Stolp a "total distribution of his

account in the Schweitzer Engineering Laboratories, Inc., Employee Stock Ownership Plan on April 2, 2019."

4.23    On February 6, 2020, Sarina Pirkey requested the balance of the ESOP account that the QDRO Acknowledgement Letter explained would be created.

4.24    On March 19, 2020, the ESOP Plan Administrator sent a letter to Ms. Pirkey and Mr. Stolp.

4.25    The March 19, 2020 letter states that during the first quarter of 2019 Mr. Stolp's "ESOP account was converted to cash and transferred to a new account in his name in the 401(k) Plan."

4.26    Despite accepting the validity of the QDRO in the QDRO Acknowledgment Letter, no notice was given to Ms. Pirkey of Mr. Stolp's conversion of the account to cash and the Defendants took no action outlined in their November 2018 letter to block this conversion.

4.27    The March 19, 2020 letter also states that "Mr. Stolp currently has an account in the 401(k) Plan[.]"

4.28    To date, Ms. Pirkey has not received any of the benefits that the QDRO Acknowledge Letter determined Ms. Pirkey was owed, nor has Ms. Pirkey received an explanation for the Defendants' departure from the distribution plan as described in the QDRO Acknowledgment Letter.

COMPLAINT FOR DAMAGES: 8

## V.   <u>LEGAL CLAIMS</u>

**A.  Recovery of benefits due under 29 U.S.C. § 1132(a)(1)(B).**

5.1    Ms. Pirkey is a beneficiary as defined by 29 U.S.C. § 1002(8).

5.2    The ESOP is an "employee benefit plan" as defined by 29 U.S.C. 1102(3).

5.3    Ms. Pirkey is owed benefits under the terms of the ESOP.

5.4    Defendants' QDRO Acknowledgment Letter notified Ms. Pirkey that she had a vested right to 62.9716 shares of stock in SEL.

5.5    Defendants' QDRO Acknowledgment Letter also stated that Ms. Pirkey's shares would be "converted to cash at their fair market value as of December 31, 2018[.]"

5.6    Defendants' QDRO Acknowledgment Letter claims that the money from the stock conversion would be deposited into a separate account for Sarina Stolp in the SEL 401(k) Plan.

5.7    Defendants' QDRO Acknowledgment Letter, dated November 21, 2018, also claims that once in the account, the money would be distributable to Sarina pursuant to the provisions of the SEL 401(k) Plan.

5.8    No money has been distributed to Ms. Pirkey as of the filing of this complaint.

COMPLAINT FOR DAMAGES: 9

5.9    On September 27, 2019 Defendants admit that they distributed the entire ESOP to Michael Stolp on April 2, 2019.

5.10    Defendants never distributed benefits to an account in Ms. Pirkey's name between November 21, 2018 and April 2, 2019. Instead all monies were given to Michael Stolp.

5.11    On April 9, 2019 Defendants, through their agents, claim that Michael Stolp "never participated in the SEL 401(k) Plan during his employment by SEL."

5.12    On March 19, 2020 Defendants state that Mr. Stolp's "ESOP account was converted to cash and transferred to a new account in his name in the 401(k) Plan in early 2019."

5.13    According to Defendants' correspondence with Ms. Pirkey, Mr. Stolp simultaneously never participated in the 401(k) Plan and had the cash value of his entire ESOP account in an account in his name in the 401(k) Plan.

5.14    Defendants never distributed Ms. Pirkey the benefits owed to her as a beneficiary in the ESOP.

5.15    Ms. Pirkey has been harmed as a result of Defendants' failure to timely distribute ESOP benefits to Ms. Pirkey and still has an undisputed right to collect.

**B. Failure of ERISA Fiduciary to Supervise other ERISA Fiduciaries in violation of 29 USC §§ 1105(a)(2) and 1105(a)(3).**

5.16    Michael Stolp, Ms. Pirkey's ex-spouse, was employed by SEL.

COMPLAINT FOR DAMAGES: 10

5.17    The Schweitzer Engineering Laboratories, Inc. Employee Stock Ownership Program is a defined contribution plan subject to ERISA.

5.18    Throughout the duration of Mr. Stolp's marriage to Ms. Pirkey, Mr. Stolp was eligible to receive a benefit from the ESOP.

5.19    While employed at SEL, Mr. Stolp designated Ms. Pirkey to be entitled to benefits under the ESOP and/or the SEL 401(k) Plan.

5.20    On or before November 21, 2018 Ms. Pirkey became eligible to receive benefits from the ESOP and/or the SEL 401(k) Plan.

5.21    Defendant Jason Nestegard was one of the ESOP Plan Administrators on December 31, 2018.

5.22    Defendant Michele Beehler was one of the ESOP Plan Administrators on December 31, 2018.

5.23    Defendant Stacey Doty was one of the ESOP Plan Administrators on December 31, 2018.

5.24    Defendant Connee Rovegno was one the ESOP Plan Administrators on December 31, 2018.

5.25    The ESOP Plan Administrators had a fiduciary duty under ERISA to act in the best interest of ESOP beneficiaries.

COMPLAINT FOR DAMAGES: 11

5.26   At least one of the Defendants is a named fiduciary under ERISA for the ESOP.

5.27   At least one of the Defendants is a named fiduciary under ERISA for the SEL 401(k) Plan.

5.28   Defendants distributed Ms. Pirkey's benefits to Mr. Stolp, or someone other than Ms. Pirkey.

5.29   Defendants violated their fiduciary duty under ERISA to Ms. Pirkey.

5.30   Ms. Pirkey relied on Defendants' benefit distribution that the Plan Administrator's QDRO Acknowledgment Letter stated would be available, "early 2019."

5.31   Ms. Pirkey incurred consequential financial loss as a result of not receiving her benefit distribution in "early 2019."

5.32   Ms. Pirkey's consequential financial losses were directly and proximately caused by Defendants' failure to distribute Ms. Pirkey's benefits to Ms. Pirkey.

5.33   Defendants were not acting in Ms. Pirkey's best interest by failing to distribute Ms. Pirkey's benefits to anyone other than Ms. Pirkey.

5.34   The ESOP Plan Administrator and Trustee(s) are responsible for benefit distribution.

COMPLAINT FOR DAMAGES: 12

5.35   Defendant Joseph Nestegard knew about the other Plan Adminstrators' decision to distribute Ms. Pirkey's benefits to Mr. Stolp.

5.36   Defendant Joseph Nestegard did not take any actions to stop the distribution of Ms. Pirkey's benefits to Mr. Stolp and instead direct the distribution to Ms. Pirkey.

5.37   Defendant Michelle Beehler knew about the other Plan Adminstrators' decision to distribute Ms. Pirkey's benefits to Mr. Stolp.

5.38   Defendant Michele Beehler did not take any actions to stop the distribution of Ms. Pirkey's benefits to Mr. Stolp and instead direct the distribution to Ms. Pirkey.

5.39   Defendant Stacey Coty knew about the other Plan Adminstrators' decision to distribute Ms. Pirkey's benefits to Mr. Stolp.

5.40   Defendant Stacey Coty did not take any actions to stop the distribution of Ms. Pirkey's benefits to Mr. Stolp and instead direct the distribution to Ms. Pirkey.

5.41   Defendant Connee Rovegno knew about the other Plan Adminstrators' decision to distribute Ms. Pirkey's benefits to Mr. Stolp.

COMPLAINT FOR DAMAGES: 13

5.42   Defendant Connee Rovegno did not take any actions to stop the distribution of Ms. Pirkey's benefits to Mr. Stolp and instead direct the distribution to Ms. Pirkey.

5.43   Defendants Nestegard, Beehler, Coty, and Rovegno had a duty, as Plan Administrators, to discharge their ERISA fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries.

5.44   Each ERISA fiduciary had a duty to supervise each other and every other defendant.

5.45   Defendants Nestegard, Beehler, Coty, and Rovegno were required to use the "prudent man standard of care" while carrying out their duties as ESOP fiduciaries.

5.46   A fiduciary under ERISA, or group of fiduciaries under ERISA, does not act carefully, skillfully, or prudently whenever it distributes a beneficiary's benefits to the beneficiary's ex-spouse.

**C. Recovery of equitable relief under 29 U.S.C. § 1132(a)(3).**

5.47   Defendants Nestegard, Beehler, Coty, and Rovegno, while acting collectively as the ESOP Plan Administrator, identified Ms. Pirkey as an Alternate Payee to Mr. Stolp's ESOP benefits in a letter dated November 21, 2018 ("QDRO Acknowledgement Letter").

COMPLAINT FOR DAMAGES: 14

5.48    Defendants Nestegard, Beehler, Coty, and Rovegno, while acting collectively as the ESOP Plan Administrator, recognized that Ms. Pirkey had provided a "qualified domestic relations order ("QDRO") as defined by section 206(d)(3)(B) of the Employee Retirement Income Act."

5.49    An "Alternate Payee" under a QDRO, such as an ex-spouse, is considered an ERISA plan beneficiary.

5.50    An ESOP beneficiary may bring a civil action to obtain appropriate equitable relief to redress violations of 29 U.S.C. § 1001 through 29 U.S.C. § 1191(c).

5.51    Defendants Nestegard, Beehler, Coty, and Rovegno violated 29 U.S.C. § 1104(a)(i) by distributing Ms. Pirkey's benefits to Mr. Stolp.

5.52    Defendants Nestegard, Beehler, Coty, and Rovegno violated 29 U.S.C. § 1104(B) by not executing their fiduciary duties under ERISA with the care, skill, and prudence required by the necessary "prudent man standard of care."

5.53    Defendants Nestegard, Beehler, Coty, and Rovegno violated 29 U.S.C. § 1104(D) by not operating by the ESOP's distribution plan as outlined in the QDRO Acknowledgment Letter establishling Ms. Pirkey as an "Alternate Payee" under a valid QDRO.

COMPLAINT FOR DAMAGES: 15

5.54    Defendants Nestegard, Beehler, Coty, and Rovegno each violated 29 U.S.C. § 1109(a) for their respective contribution of the collective Plan Administrator's breach of its responsibilities under subchapter 1 of United States Code Title 29.

5.55    Defendants violated 29 U.S.C. § 1025(a) by not providing Ms. Pirkey her pension benefit statement upon her written request.

5.56    Defendants Nestegard, Beehler, Coty, and Rovegno violated 29 U.S.C. §§ 1105(a)(2) and 1105(a)(3) by allowing the ESOP Plan Administrator to distribute Ms. Pirkey's benefits to Mr. Stolp.

5.57    Upon information and belief, Defendants are in violation of 29 U.S.C. §§ 1105(b)(1)(A) and 1105(b)(1)(B).

5.58    Defendants violated 29 U.S.C. § 1105(c)(2).

5.59    Defendants never provided notice, in writing, of Defendants' denial of Ms. Pirkey's claims to benefits.

5.60    Ms. Pirkey was never an employee of SEL nor did she have professional or social relationships with SEL personnel.

5.61    Defendants violated 29 U.S.C. § 1140 by discriminating against Ms. Pirkey.

COMPLAINT FOR DAMAGES: 16

5.62    Defendants discriminated against Ms. Pirkey because she was never an employee of SEL and her ex-spouse had been an employee for several years.

5.63    Defendants distributed Ms. Pirkey's 62.9716 SEL shares to Mr. Stolp, a previous SEL employee of many years.

5.64    Defendants violated 29 U.S.C. § 1141 by using fraud to attempt to coerce and/or intimidate Ms. Pirkey for the purpose of preventing Ms. Pirkey from pursuing the 62.9716 SEL shares that the ESOP Plan Administrator recognized to be owed to Ms. Pirkey.

5.65    Defendants violated 29 U.S.C. § 1149(2) by knowingly denying Ms. Pirkey's claim for her benefits.

**D.  Recovery for Equitable Relief under 29 U.S.C. § 1109**

5.66    The ESOP fiduciaries breached their responsibilities, obligations, and duties as imposed by ERISA Chapter 18.

5.67    As a result of the ESOP fiduciaries' breaching their responsibilities, obligations, and duties, the ESOP has been exposed to liability and penalties for the its breach.

5.68    Each breaching fiduciary under ERISA has caused the ESOP to incur a cost to defend itself and/or pay penalties and damages as a result.

COMPLAINT FOR DAMAGES: 17

5.69   The ESOP fiduciaries under ERISA are personally responsible to "make good" the ESOP for the costs that the ESOP incurs as a result of this lawsuit.

**E.  In the alternative, if QDRO deficient; Negligent Misrepresentation**

5.70   On November 21, 2018 the ESOP Plan Administrator notified Ms. Pirkey that the ESOP Plan Administrator received her valid QDRO.

5.71   The QDRO Acknowledgment Letter dated November 21, 2018 drafted and sent by Defendants described the process by which the ESOP would distribute benefits for an Alternate Payee.

5.72   The Defendants had an opportunity to examine Ms. Pirkey's previously submitted Domestic Relations Order before determining that the Domestic Relations Order was a QDRO "as defined by section 206(d)(3)(B) of the Employee Retirement Income Security Act" on November 21, 2018.

5.73   As a result of Defendants' QDRO Acknowledgment Letter, Ms. Pirkey did not take additional actions to obtain a new QDRO.

5.74   As a result of Defendants' QDRO Acknowledgment Letter, Ms. Pirkey expected to receive the stated funds in early 2019.

5.75   Ms. Pirkey had no reason to doubt the plain meaning of the language in the ESOP Plan Administrator's QDRO Acknowledgment Letter acknowledging Ms. Pirkey's benefits under the ESOP and the existence and validity of the QDRO.

5.76    The Defendants' QDRO Acknowledgment Letter dated November 21, 2018 directly caused Ms. Pirkey to believe that there was a valid QDRO in place.

**F.  Res Ipsa Loquitur allows the inference of duty, breach, and causation**

5.1    Defendants had exclusive control over distribution of ESOP benefits.

5.2    It is not the normal practice of the ESOP Plan Administrator to distribute benefits to the wrong beneficiary.

5.3    Ms. Pirkey did not contribute or voluntarily support Defendants' decision to distribute Ms. Pirkey's benefits to Mr. Stolp.

## VII.  <u>PRAYER FOR RELIEF</u>

Plaintiff respectfully demands a jury trial and prays for:

A.    Attorney Fees under 29 USC § 1132(g)(1).[1]

B.    Benefits owed under the plan as described by November 21, 2018 letter.

C.    Appropriate equitable relief to redress fiduciary violations under 29 U.S.C. § 1132(a)(3)(B).

---

[1] "attorney's fees are ordinarily to be awarded where a Plan participant prevails in his suit to enforce his rights under the Plan" *Monper v. Boeing Co.*, 104 F. Supp. 3d 1170, 1186 (W.D. Wash. 2015) (citing *Smith v. CMTA–IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir.1984)).

COMPLAINT FOR DAMAGES: 19

D.    Appropriate relief under 29 U.S.C. § 1132(a)(2) for relief under 29 U.S.C. § 1109.

E.    Prejudgment interest on the liquidated amount of damages wrongfully distributed to Mr. Stolp.[2] [3]

//

//

//

//

//

---

[2] *Fox v. Mahoney*, 106 Wn. App. 226, 230, 22 P.3d 839, 841 (2001) (citing *Car Wash Enters., Inc. v. Kampanos*, 74 Wash.App. 537, 548, 874 P.2d 868 (1994)) ("Prejudgment interest is awarded when the amount of damages claimed is "liquidated.").

[3] "A 'liquidated' claim is one 'where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion.'" *Car Wash Enterprises, Inc. v. Kampanos*, 74 Wn. App. 537, 548, 874 P.2d 868, 875 (1994) (quoting *King Cy. v. Puget Sound Power & Light Co.*, 70 Wash.App. 58, 61, 852 P.2d 313 (1993)).

COMPLAINT FOR DAMAGES: 20

DATED this 8th day of June, 2020.

BEST LAW, PLLC

By _____/s/ Ryan M. Best_____

    Ryan M. Best, WSBA 33672
    Michael R. Merkelbach, WSBA 55389
    905 West Riverside, Suite 409
    Spokane, WA 99201
    Telephone: (509) 624-4422
    Fax: (509) 703-7957
    Email: ryan.best@bestlawspokane.com
          mike.m@bestlawspokane.com

COMPLAINT FOR DAMAGES: 21